**Ocie Ola WRIGHT, Jr., Petitioner–Appellant,**

v.

**Michael D. McDONALD, Respondent–Appellee.**

**No. 09–55905.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 6, 2012.*

Filed Feb. 9, 2012.

Ocie Ola Wright, Jr., Susanville, CA, pro se.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Kyle Niki Shaffer, Deputy Attorney General, AGCA–Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before: D.W. NELSON, O'SCANNLAIN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Ocie Ola Wright, Jr. appeals the district court's conclusion that his 28 U.S.C. § 2254 habeas petition was time-barred by the one-year statute of limitations in the Antiterrorism and Effective Death Penalty Act of 1996. We granted a certificate of appealability regarding whether Wright was entitled to equitable tolling.[1] We affirm the district court.

"The dismissal of a petition for writ of habeas corpus as time-barred is reviewed de novo. If the facts underlying a claim for equitable tolling are undisputed, the question of whether the statute of limitations should be equitably tolled is also reviewed de novo." *Bills v. Clark*, 628 F.3d 1092, 1096 (9th Cir.2010) (internal quotation mark omitted). However, a district court's factual findings and finding of competency are reviewed for clear error. *Id.* "A petitioner seeking equitable tolling

---

1. Although Wright briefed a non-certified issue, we decline to expand the certificate of appealability to include it, and thus, we will not review the issue. *See* 28 U.S.C. § 2253(c); *Hiivala v. Wood*, 195 F.3d 1098, 1103–05 (9th Cir.1999) (per curiam).

bears the burden of showing both that there were extraordinary circumstances, and that the extraordinary circumstances were the *cause* of his untimeliness." *Roberts v. Marshall,* 627 F.3d 768, 772 (9th Cir.2010) (internal quotation marks omitted). Here, after assessing the medical documentation submitted by Wright, the district court did not clearly err in finding that Wright failed to demonstrate cognitive impairment rising to the level of an extraordinary circumstance. Further, Wright has failed to show that his alleged mental illnesses caused his untimely habeas filing.

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

**AFFIRMED.**

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.